UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Steven Feeder,<br><br>          Plaintiff<br><br>  v.<br><br>State of Nevada, et al.,<br><br>          Defendants | Case No. 2:22-cv-00941-CDS-VCF<br><br>**Order Granting Defendants' Motion to Dismiss & Closing Case**<br><br>[ECF No. 6] |

Plaintiff Steven Feeder brings this civil-rights action against defendants State of Nevada, Aaron Ford (Nevada's attorney general), and Michael Kovac (an assistant attorney general). Feeder was previously charged with interfering with a public officer, provoking a breach of the peace, and publishing matter inciting a breach of the peace. Compl., ECF No. 1 at ¶ 15. Eventually, Feeder was found not guilty of, or obtained the dismissal of, all charges brought against him. *Id.* at ¶ 23–29. He now brings claims for malicious prosecution, abuse of process, intentional infliction of emotional distress, and negligent infliction of emotional distress against the defendants. *Id.* at ¶¶ 30–59. The individual defendants assert that absolute prosecutorial immunity bar Feeder's claims against them and the State of Nevada asserts that the Eleventh Amendment bars Feeder's claims against it. Mot. Dismiss, ECF No. 6 at 4–5. Because Feeder's claims cannot overcome either grant of immunity, I grant the defendants' motion to dismiss and dismiss Feeder's claims with prejudice. I also kindly instruct the Clerk of Court to close this case.

I.      **Legal standard**

Under the Federal Rules of Civil Procedure, a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed

in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, legal conclusions are not awarded this same presumption just because they are cast in the form of factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Id.* at 556. And if I grant a motion to dismiss, I should grant leave to amend even if no request to amend is made unless I determine that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## II. Discussion

### A. Prosecutorial immunity bars Feeder's claims against Ford and Kovac.

Feeder brings claims for malicious prosecution, abuse of process, and both flavors of infliction of emotional distress against the individual defendants. ECF No. 1 at ¶¶ 30–59. He alleges that the defendants' acts underlying his claims include their "lengthy prosecution" of him, their ignorance of the law, and their bringing of claims that were "meritless." *Id.* at ¶¶ 32, 33. Ford and Kovac move to dismiss those claims on the ground of absolute prosecutorial immunity. ECF No. 6 at 4–5.

"Criminal prosecutors may claim absolute immunity from damages liability for actions 'intimately associated with the judicial phase of the criminal process,' such as the prosecutors' initiation of a prosecution and presentation of the state's case." *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Absolute prosecutorial immunity is meant to protect the prosecutor from harassing litigation and to enable him to exercise independent judgment when deciding which suits to bring and in conducting them in court. *Id.* (citing *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997)). "A prosecutor is absolutely immune 'when performing the traditional functions of an advocate.'" *Id.* (quoting *Kalina*, 522 U.S. at 131). A court determining whether a prosecutor is entitled to such immunity must "focus 'on the conduct for which immunity is claimed, not on the harm that the conduct may have caused or

the question whether it was lawful.'" *Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993)). Nevada permits a very limited exception to prosecutorial immunity "where a prosecutor faces an actual conflict of interest, and files charges [they] know[] to be baseless." *Stevens v. McGimsey*, 673 P.2d 499, 500 (Nev. 1983).

Ford and Kovac are very clearly protected by prosecutorial immunity in this case. Feeder seeks to impose liability for quintessential acts of criminal prosecutors, namely, prosecuting him for various crimes. That Feeder was eventually found not guilty or had the charges dismissed has no bearing on whether he can impose civil liability on his prosecutors. Feeder's opposition to the motion to dismiss does not address prosecutorial immunity except to claim that he sues the defendants as individuals rather than in their official capacities. Resp., ECF No. 7. But Feeder provides no authority for the proposition that a prosecutor sued in his individual capacity suddenly loses prosecutorial immunity. *Cf. Lewis v. Clarke*, 581 U.S. 155, 163 (2017) ("An officer in an individual-capacity action . . . may be able to assert personal immunity defenses, such as, for example, absolute prosecutorial immunity in certain circumstances.").

Instead, he argues that "the preliminary pleadings establish the lack of probable cause, malice, and that the criminal proceedings were terminated in [his] favor" without reference to what actions might constitute the prosecutors' knowledge of the lack of probable cause, or what actions might constitute malice on the prosecutors' part. *Id.* at 6–7. He also does not allege that either Ford or Kovac had a conflict of interest or filed charges they knew to be baseless. Feeder's inability to address prosecutorial immunity in his opposition is grounds for dismissal alone. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."). I find that Ford and Kovac are protected by prosecutorial immunity and dismiss Feeder's claims against them. I also deny Feeder leave to amend, as it is clear that the deficiencies of his complaint cannot be saved.

      B.   *Feeder fails to meet the federal pleading standards in asserting claims against the State.*

Feeder brings the same four claims against the State. ECF No. 1 at ¶¶ 30–59. He also asserts that the State is liable under a theory of respondeat superior for its officers' actions. ECF No. 1 at ¶ 37. I first note that there is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). And the State avers that regardless, it is entitled to immunity from suit in federal court under the Eleventh Amendment. ECF No. 6 at 4. Feeder responds that Nevada eradicated its absolute immunity with the enactment of NRS § 41.031. ECF No. 7 at 5. He is incorrect.

The Eleventh Amendment prohibits suits in federal court against a state, regardless of the nature of the relief sought, unless the state unequivocally consents. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The State of Nevada has explicitly declined to waive its immunity from suit in federal court as conferred by the Eleventh Amendment. NRS § 41.031(3); *Fixel v. United States*, 737 F. Supp. 593, 599 (D. Nev. 1990). While Feeder points to NRS § 41.031(1) in support of his argument that Nevada has waived its immunity from suit, his argument misunderstands the statutory scheme. NRS § 41.031(1) waives Nevada's liability against state-law claims, subject to the limitations and exclusions described therein. NRS § 41.031(2) provides that any action against the State must be "filed in the county where the cause or some part thereof arose or in Carson City" (*i.e.*, in state court). And NRS § 41.031(3) provides that, notwithstanding NRS §§ 41.031(1)–(2), the "State of Nevada **does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States**." (emphasis added). This interpretation of the statutory scheme comports with every authority's reading of the statute to date. *See, e.g.*, *Walden v. Nevada*, 945 F.3d 1088, 1092 (9th Cir. 2019) (citing NRS § 41.031 in identifying that Nevada statutorily waived its immunity from suit "on state-law claims in state court"); *Savage v. Child Welfare Div.*, 2005 WL 8165383, at *5 (D. Nev. Oct. 11, 2005) ("The State of Nevada has not waived its immunity from suit in federal court[.]").

Because Feeder's claims against Nevada are barred by the Eleventh Amendment and his claims against the individual defendants are barred by prosecutorial immunity, I grant the defendants' motion to dismiss in its entirety. I also decline to grant Feeder leave to amend because there are no facts that he could plead which would overcome these grants of immunity.

### III. Conclusion

For the foregoing reasons, IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 6] is GRANTED in its entirety.** I dismiss with prejudice each of Feeder's four claims for relief. The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

DATED: August 4, 2023

_____
Cristina D. Silva
United States District Judge